IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-00259-RGA |
| | ) |
| FCA US, LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**DEFENDANT FCA US LLC'S ANSWER AND DEFENSES TO
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant FCA US LLC ("FCA"), by and through the undersigned attorneys, hereby responds by way of Answer and Defenses to the Complaint ("Complaint") of plaintiff Display Technologies, LLC ("Display" or "Plaintiff"), as follows:

**PARTIES AND JURISDICTION**

1.	FCA admits that Display purports to present an action for patent infringement under Title 35 of the United States Code, and requests injunctive relief and damages. FCA denies any remaining allegations in this paragraph of the Complaint.

2.	The allegations of this paragraph are legal conclusions that do not require a response from FCA. To the extent the allegations require a response, FCA admits that this Court has subject matter jurisdiction for civil actions for patent infringement pursuant to U.S.C. §§ 1331 and 1338(a), and denies any remaining allegations in this paragraph of the Complaint.

3.	FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

4.	FCA admits the allegations of this paragraph.

5.	The allegations of the paragraph are legal conclusions that do not require a response

from FCA. To the extent the allegations require a response, FCA admits that this court has personal jurisdiction over FCA US LLC but denies that FCA has committed acts giving rise to Plaintiff's claim of patent infringement within this judicial district and the state of Delaware, and denies the remaining allegations in this paragraph of the Complaint.

6. FCA denies the allegations of this paragraph.

## VENUE

7. This paragraph of the Complaint states a legal conclusion and does not require a response from FCA. To the extent a response is required, FCA denies the allegations set forth in this paragraph of the Complaint and specifically denies that venue is convenient in this jurisdiction.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8. FCA references and incorporates by reference all of the preceding paragraphs of this Answer.

9. FCA admits that the present action purports to arise under the patent laws of the United States. FCA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

10. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

11. FCA admits that a copy of U.S. Patent No. 9,300,723 (the "'723 patent" or "Asserted Patent") is attached to the Complaint as Exhibit A.

12. FCA denies the allegations of this paragraph

13. FCA denies the allegations of this paragraph.

14. FCA denies the allegations of this paragraph.

15. FCA admits that certain infotainment systems in FCA vehicles include Bluetooth functionality, and denies the remaining allegations of this paragraph.

16. FCA denies the allegations of this paragraph.

17. FCA denies the allegations of this paragraph.

18. FCA denies the allegations of this paragraph.

19. FCA denies the allegations of this paragraph.

20. FCA denies the allegations of this paragraph.

21. FCA denies the allegations of this paragraph.

22. FCA denies the allegations of this paragraph.

23. FCA denies the allegations of this paragraph.

24. FCA denies the allegations of this paragraph.

25. FCA denies the allegations of this paragraph.

26. FCA denies the allegations of this paragraph.

27. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

## PRAYER FOR RELIEF

FCA denies that Display is entitled to any of the relief requested in paragraphs (a) through (e) of its Prayer for Relief or to any relief in any form whatsoever from FCA.

## DEFENSES

28. FCA asserts the following defenses and in asserting such defenses does not concede that it bears the burden of proof as to any of them. Discovery has not yet begun, and FCA has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, FCA reserves the right to amend, modify, or expand these

defenses and to take further positions as discovery proceeds in this case.

## FIRST DEFENSE: INVALIDITY

29. One or more of the claims of the Asserted Patent are invalid for failure to satisfy the requirements of patentability set forth in 35 U.S.C. § 101, *et seq*.

30. One or more of the claims of the Asserted Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious.

31. One or more of the claims of the Asserted Patent fail to meet the requirements of 35 U.S.C. § 112, at least as being indefinite and lacking written description and enablement for failing to describe and enable the full scope of the claims

## SECOND DEFENSE: NON-INFRINGEMENT

32. FCA has not made, used, sold, offered for sale, and/or imported in or into the United States any system, product, or process that practices any claim in the Asserted Patent, either literally or under the doctrine of equivalents.

33. FCA has not actively induced or contributed to the infringement of another under 35 U.S.C. §§ 271(b)-(c). FCA has not induced infringement nor contributed to the infringement of another because, at a minimum, FCA lacked the requisite state of mind and has not actively and knowingly aided or abetted the direct infringement of another.

## THIRD DEFENSE: LICENSE AND/OR PATENT EXHAUSTION

34. To the extent that one or more of FCA's suppliers hold a license or other rights to the Asserted Patent and supplies licensed components and/or parts for assembly of or assembly into the accused products, Display's claims would be barred.

## FOURTH DEFENSE: MARKING AND NOTICE

35. To the extent that Display and/or any licensee of the Asserted Patent had an

obligation and failed to mark products that fall within the claims of the Asserted Patent, Display's claims against FCA would be barred, in whole or in part, in accordance with 35 U.S.C. § 287.

## **FIFTH DEFENSE: FAILURE TO STATE A CLAIM**

36.     Display fails to state a claim against FCA upon which relief can be granted.

37.     FCA cannot be liable for indirect infringement before its receipt of the Complaint, filed on February 23, 2020, at least because FCA did not have notice of the Asserted Patent before that time. FCA cannot be liable for indirect infringement after its receipt of the Complaint, filed on February 23, 2020, at least because the Complaint does not put FCA on sufficient notice of any alleged infringement.

38.     To the extent Display alleges that FCA has indirectly infringed and/or continues to indirectly infringe the Asserted Patent under 35 U.S.C. §§ 271(b),(c), Display has failed to plead any facts that, if true, could render FCA liable for indirect patent infringement.

## **SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL**

39.     Display's claims for relief are barred, in whole or in part, by prosecution history estoppel based on statements, representations, and admissions made during the prosecution before the U.S. Patent Office of the patent applications that led to the Asserted Patent.

## **SEVENTH DEFENSE: WAIVER, ESTOPPEL, AND UNCLEAN HANDS**

40.     Display's claims against FCA are barred, in whole or in part, by one or more of the equitable doctrines of waiver, estoppel, and unclean hands because of Display's unreasonable and inexcusable delay in filing this litigation and/or its intervening actions both during prosecution of the Asserted Patent and between issuance of the Asserted Patent and the date of the filing of the Complaint.

41.     Despite that FCA and its predecessors have sold and publicly marketed the accused

functionality for several years, Display made no assertion of any claim against FCA until, at the earliest, FCA received the Complaint.

42. FCA has been materially prejudiced by Display's delay in bringing its claim at least because the passage of so much time has potentially led to the loss of evidence that FCA could use in defending itself against Display's claims.

### EIGHTH DEFENSE: LIMIT ON DAMAGES

43. Display's claims for damages, if any, against FCA for alleged infringement of the Asserted Patent are limited by 35 U.S.C. §§ 286 and/or 288.

### PRAYER FOR RELIEF

FCA denies any and all allegations contained in the remainder of the Complaint and denies that Display is entitled to any of the relief requested in paragraphs (a) through (e) of its Prayer for Relief or to any relief in any form whatsoever from FCA. FCA respectfully requests that the Court:

A. Dismiss Display's Complaint with prejudice, and that Display take nothing by way of its Complaint;

B. Determine that Display is not entitled to any of its requested relief, or any relief whatsoever;

C. Award FCA its costs and disbursements in this action;

D. Declare this case exceptional pursuant to 35 U.S.C. § 285 and award FCA its reasonable attorneys' fees and costs in this action; and

E. Grant FCA such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure FCA respectfully demands a jury trial of all issues triable to a jury in this action.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Frank C. Cimino, Jr., Esq.<br>Megan S. Woodworth, Esq.<br>Jonathan L. Falkler, Esq.<br>VENABLE LLP<br>600 Massachusetts Avenue, NW<br>Washington, DC 20001<br>(202) 344-4569<br><br>William Hector, Esq.<br>VENABLE LLP<br>101 California Street<br>Suite 3800<br>San Francisco, CA 94111<br>(415) 653-3750<br>WAHector@Venable.com | By: */s/ Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Jonathan A. Choa (#5319)<br>    P.O. Box 951<br>    Wilmington, DE 19899<br>    (302) 984-6000<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com<br><br>*Attorneys for Defendant* |

Dated: May 18, 2020
6734955